RAUSER (Marguerite), Appellant, V. RAUSER (Irene), and another, as coexecutors of the Estate of Erwin F. Rauser, Sr., deceased, Respondents.

*No. 242. Argued April 29, 1970.—Decided June 2, 1970.*
(Also reported in 177 N. W. 2d 115.)

For the appellant there was a brief and oral argument by *Ellis R. Herbon* of Milwaukee.

For the respondents there was a brief and oral argument by *William E. Shaw* of Milwaukee.

BEILFUSS, J. The issue is: Does the Wisconsin court have personal jurisdiction over the foreign defendants-executors?

Sec. 262.05, Stats., with its various subdivisions, is Wisconsin's "long-arm statute." It is the principal statutory authority by which foreign or nonresident defendants can be subjected to the personal jurisdiction of the courts of this state.

Wisconsin's jurisdiction of the defendants-executors in this matter is governed by sec. 262.05 (12), Stats., which provides jurisdiction over the personal representative:

"In any action against a personal representative to enforce a claim against the deceased person represented where one or more of the grounds stated in subs. (2) to (11) would have furnished a basis for jurisdiction over the deceased had he been living and it is immaterial under this subsection whether the action had been commenced during the lifetime of the deceased."

The plaintiff upon appeal does not challenge the trial court's conclusion that this is not an action in rem but she does argue that the executors are subject to personal jurisdiction under sec. 262.05 (1) (d), Stats., because, in the language of that subsection, the decedent ". . . engaged in substantial and not isolated activities within this state, . . ." However, as correctly indicated by the defendants, sub. (1) of this statute is excluded as a ground for jurisdiction over a personal representative by sub. (12), which specifies only the grounds enumerated in subs. (2) to (11). Since the jurisdiction of this state's court is statutory, the statutory specifications of grounds for that jurisdiction must be adhered to.

The other provisions of sec. 262.05, Stats., upon which plaintiff relies for her jurisdictional claim are subs. (5) (a) and (6) (c).

Before discussing these two sections it should be pointed out that the present provisions of ch. 262, Stats., were enacted as part of the Laws of 1959, ch. 226,[1] with an effective date of July 1, 1960. Sec. 23 of ch. 226 specifies that the ". . . act shall not apply to any cause of action arising prior to its effective date." Therefore, any cause of action for which the plaintiff seeks to ground personal jurisdiction on sec. 262.05 must have arisen since July 1, 1960. The plaintiff recognizes this limitation and argues the action she brings for an accounting is premised on a "continuing wrong," a scheme just implemented in 1953, and carried forward to the death of her husband in 1967. The jurisdictional question does not turn on whether appellant may ultimately be successful in this action, but is dependent solely upon the requirements of sec. 262.05. *See* sec. 262.03 (3), and *Pavalon v. Fishman* (1966), 30 Wis. 2d 228, 232, 140 N. W. 2d 263.

Sec. 262.05 (5) (a), Stats., provides:

"(5) LOCAL SERVICES, GOODS OR CONTRACTS. In any action which:

"(a) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this state or to pay for services to be performed in this state by the plaintiff."

Erwin Rauser, Sr., left Wisconsin in 1953. The record before us does not reveal that he, at any time thereafter, made any promise to the plaintiff or to any other person for her benefit for any services to be performed in Wisconsin or elsewhere. We must, therefore, conclude that

---

[1] Excepting sec. 262.05 (11), Stats., referring to marital actions, which was enacted by the legislature in 1967, and became effective December 3, 1967, which is after the date of the commencement of this action and, therefore, not applicable.

sec. 262.05 (5) (a), Stats., does not provide a basis for personal jurisdiction over Rauser, Sr.'s, executors.

Sec. 262.05 (6) (c), Stats., provides:

"(6) LOCAL PROPERTY. In any action which arises out of: . . .

"(c) A claim that the defendant return, restore, or account to the plaintiff for any asset or thing of value which was within this state at the time the defendant acquired possession or control over it."

One of the theories upon which the plaintiff claims she was wronged by Rauser, Sr., appears to involve an alleged conspiracy between him and the Wisconsin corporations he controlled resulting in a continuous diversion of assets in a fraudulent manner beyond the plaintiff's control. The supplemental affidavit of Erwin Rauser, Jr., the son of the plaintiff and the decedent, in support of the motion to dismiss, indicates Erwin Rauser, Sr., resigned as president and director of Shorewood Mills on November 6, 1953, and subsequently did not participate in the management of Shorewood Mills. He further alleges that from 1954 to the date of his death his father was western district sales manager for Shorewood Mills with his office in Reno, Nevada.

Erwin Rauser, Jr., stated, in his affidavit supporting the motion, that Erwin, Sr., after moving to Nevada, organized, was the sole stockholder, president and treasurer of Lewis Knitting Company, a sales company engaged in the purchase of merchandise for resale from Shorewood Mills and other manufacturers. Lewis Knitting Company is a Delaware corporation, which, according to the records of the Wisconsin Secretary of State, was not licensed to do business in Wisconsin until December 22, 1969. The younger Mr. Rauser further alleges his father never visited or inspected any of the facilities of Shorewood Mills or Shorewood-Richards Realty Company following July 1, 1960. He states Erwin, Sr., was not an officer, di-

rector or employee of the realty company since 1954, nor did he receive any salary or dividends from that company. Erwin Rauser, Sr., received one and one-half percent of the gross sales of Shorewood Mills, except as to such goods as were sold to Lewis Knitting Company. He was known as the western sales representative.

The plaintiff alleges the Lewis Knitting Company was a fictitious enterprise organized to provide a vehicle for her husband to continue to control Shorewood Mills and transfer his assets and income beyond the reach of the Wisconsin courts for the purpose of avoiding alimony and property division. She alleges her only alternative manner of reaching the property was to submit to the jurisdiction of the Nevada divorce court which she chose not to do for religious reasons. She alleges that Erwin, Sr., was able to continue doing business in Wisconsin through correspondence and telephone communication with her son, arranging the payouts to his office in Nevada and participating in managerial decisions of the company.

The plaintiff makes no claim that any property to which she had legal title was removed from Wisconsin by Erwin Rauser, Sr. In any event, any transfer or removal of property was accomplished at the time or shortly after he left Wisconsin in 1953, and her cause of action, if any, arose at that time.

The obligation which Erwin Rauser, Sr., breached to the detriment of the plaintiff was his failure to provide support or alimony; that duty ceased upon his death. The plaintiff makes no present claim for past support or alimony. The conspiracy, if any, affected her right to support or alimony and not dower.

Her principal contention is that the Nevada divorce was invalid and that by virtue of its invalidity she is entitled to her dower interest as defined by Wisconsin statutes.

The Nevada divorce was granted in December of 1953. Erwin Rauser, Sr., lived in Nevada continuously from

that time until his death, some thirteen years later, in June of 1967. If the plaintiff can successfully challenge the validity of the Nevada divorce decree after Erwin Rauser, Sr.'s, death, she certainly could have made this challenge before his death. Her right or cause of action arose in 1953, six years before the effective date of our long-arm statute. As set forth above, the statute does not apply to causes of action that arose before the effective date.

We conclude that sec. 262.05 (6) (c), Stats., does not apply to facts of this case so as to be able to acquire personal jurisdiction over the nonresident executors.

In order to obtain personal jurisdiction of foreign or out-of-state defendants, the plaintiff's claim must come within the terms of sec. 262.05, Stats., and, in addition thereto, such subrogation must not offend constitutional due process. We do not reach the question of due process because of our opinion that sec. 262.05 does not apply.

*By the Court.*—Order affirmed.

HALLOWS, C. J., and HANLEY, J., took no part.